REQUESTED BY: Dear Senator Johnson:
In your February 14, 1979, letter you asked for an opinion on the constitutionality of LB 215, specifically as to denial of due process to payors of medical bills who are denied the right to be a party to the Workmen's Compensation Court proceeding in which the Court orders reimbursement by the employer to the payors.
The Workmen's Compensation Act provides the exclusive remedy for employees against their employers as to injuries arising out of and in the course of their employment. Section48-111, R.R.S. 1943. The Workmen's Compensation Court has the exclusive jurisdiction to determine the rights of the parties including the reasonableness and amount of medical services to be paid on the employee's behalf. Section48-152 and 48-120, R.R.S. 1943.
While other payors, such as Medicare, Veterans Administration, and various private insurance carriers, may first pay for some or all of the medical services which are ultimately determined by the Workmen's Compensation Court to be compensable under the act, there now appears to be no provision for the payor to intervene in the proceeding to enforce his right of subrogation. Even if the payor were a party, his interest would be to show payment of a certain amount and seek reimbursement to the extent of any payment or obligation of the employer. It does not appear that he would have any right to litigate or advocate the rights of the employee against the employer in Workmen's Compensation Court. Further, the payor would retain whatever rights he has now against the employee whose bills were paid. Those rights are not changed by LB 215.
Therefore, it appears that LB 215 provides a reasonable, expeditious method for the Court to order reimbursement to payors where the records show that payment has been made without taking away any existing rights of the payors. This is consistent with the general purpose of the Workmen's Compensation Act to provide an efficient, expeditious method to determine employee's right to compensation for job related injuries, avoiding multiplicity of litigation. In short, LB 215 does not take any rights away from the payors but rather grants to the Court an additional power consistent with its purposes. For this reason, we believe that LB 215 would not violate the due process of the payors.
Since, in our opinion, the payor is bound by the determination of the Court as to the extent of the employer's obligation, the payor cannot seek additional reimbursement from the employee as to the workmen's compensation claim. That would not preclude the payor from seeking additional reimbursement in a proper way with respect to payments from others such as negligent third persons.